**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| GERARDO VAZQUEZ, GLORIA ROMAN, and JUAN AGUILAR, on behalf of themselves and all other similarly situated, *Plaintiffs-Appellants*, <br><br> v. <br><br> JAN-PRO FRANCHISING INTERNATIONAL, INC., *Defendant-Appellee*. | No. 17-16096 <br><br> D.C. No. 3:16-cv-05961-WHA <br><br><br> OPINION |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Argued and Submitted December 18, 2018
San Francisco, California

Filed September 24, 2019

Before: Ronald M. Gould and Marsha S. Berzon, Circuit Judges, and Frederic Block, District Judge.[*]

Per Curiam Opinion

## SUMMARY[**]

### Res Judicata

In a separate published order, the panel certified to the California Supreme Court the issue of the retroactive application of *Dynamex Operations West Inc. v. Superior Court*, 416 P.3d 1 (Cal. 2018), and in this opinion, re-established the remaining holdings from the now-withdrawn opinion *Vazquez v. Jan-Pro Int'l, Inc.*, 2019 WL 3271969 (9th Cir. Jul. 22, 2019).

For the reasons laid out in the earlier opinion, the panel held that the doctrines of res judicata and law of the case did not bar plaintiffs from contending that they are employees under *Dynamex*'s ABC test, and rejected the contention that a retroactive application of *Dynamex* would violate their federal due process rights.

---

[*] The Honorable Frederic Block, United States District Judge for the Eastern District of New York, sitting by designation.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Shannon Liss-Riordan (argued), Lichten & Liss-Riordan P.C., Boston, Massachusetts, for Plaintiffs-Appellants.

Jeffrey M. Rosin (argued), O'Hagan Meyer PLLC, Boston, Massachusetts; Theodore J. Boutrous Jr., Theane D. Evangelis, and Samuel Eckman, Gibson Dunn & Crutcher LLP, Los Angeles, California; for Defendant-Appellee.

Catherine K. Ruckelshaus and Najah A. Farley, National Employment Law Project, New York, New York, for Amici Curiae National Employment Law Project, Equal Rights Advocates, Dolores Street Community Services, Legal Aid at Work, and Worksafe, Inc.

Norman M. Leon, DLA Piper LLP, Chicago, Illinois; Jonathan Solish, Bryan Cave Leighton Paisner LLP, Santa Monica, California; James F. Speyer, Arnold & Porter Kaye Scholer LLP, Los Angeles, California; for Amicus Curiae The International Franchise Association.

Bradley A. Benbrook and Stephen M. Duvernay, Benbrook Law Group PC, Sacramento, California; Luke A. Wake, NFIB Small Business Legal Center, Sacramento, California; for Amicus Curiae National Federation of Independent Business Small Business Legal Center.

Adam G. Unikowsky, Jenner & Block LLP, Washington, D.C.; Steven P. Lehotsky, U.S. Chamber Litigation Center, Washington, D.C.; for Amicus Curiae Chamber of Commerce of the United States of America.

James F. Speyer, Arnold & Porter Kaye Scholer LLP, Los Angeles, California, for Amicus Curiae California Chamber of Commerce.

Paul Grossman and Paul W. Cane Jr., Paul Hastings LLP, Los Angeles, California, for Amicus Curiae California Employment Law Council.

## OPINION

PER CURIAM:

We have certified to the California Supreme Court the question whether that Court's decision in *Dynamex Operations West Inc. v. Superior Court*, 416 P.3d 1 (Cal. 2018), applies retroactively. *See Vazquez v. Jan-Pro Int'l, Inc.*, __ F.3d __ (9th Cir. 2019). We here re-establish the remaining holdings from our now-withdrawn opinion in the matter. *See Vazquez v. Jan-Pro Int'l, Inc.*, __ F.3d __, 2019 WL 3271969 (9th Cir. July 22, 2019). For the reasons laid out in our earlier opinion, we hold that the doctrines of res judicata and law of the case do not bar Plaintiffs from contending that they are employees under *Dynamex*'s ABC test. *See* 923 F.3d at 583–86. We likewise reject Jan-Pro's contention that a retroactive application of *Dynamex* would violate their federal due process rights. *See id*. at 588–90. Finally, if *Dynamex* does apply retroactively, the district court's reliance on *Patterson v. Domino's Pizza, LLC*, 333 P.3d 723 (Cal. 2014), and the "special features of the franchise relationship" was misplaced. *See id.* at 594–95. As these rulings remain in place, the issue certified to the California Supreme Court "could determine the outcome" of the remainder of the appeal. Cal. R. Ct. 8.548(a).